IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOWARD PAGE, JR.,                              )
                                               )
              Plaintiff,                       )
                                               )
       v.                                      )    C.A. No. 26-150-JLH-LDH
                                               )                    FILED
ROBERT H. ROBINSON, JR., et al,                )
                                               )
              Defendants.                      )         MAY 13 2026

REPORT AND RECOMMENDATION   U.S. DISTRICT COURT DISTRICT OF DELAWARE

       Plaintiff Howard Page, Jr., an inmate at James T. Vaughn Correction Center, filed this

action pursuant to 42 U.S.C. § 1983. (D.I. 2).  Plaintiff appears *pro se* and has been granted leave

to proceed *in forma pauperis*. (D.I. 7).[1]  The Court now screens Plaintiff's Complaint pursuant to

28 U.S.C. §§ 1915(e)(2)(B), 1915A(a) and recommends that the Complaint be dismissed without

prejudice.

   I.   **LEGAL STANDARD**

       A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28

U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in

a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v.

County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his

_____

[1]     Plaintiff was ordered to remit an initial partial filing fee of $4.34. (D.I. 5), which
has not been received by the Court.  As explained below, Plaintiff shall remit such partial filing
fee prior to filing any amended complaint.

1

pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a

2

claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.    DISCUSSION

Plaintiff's Complaint is difficult to decipher, but he appears to contend that he has been improperly imprisoned based on allegedly false testimony presented to a state grand jury. (D.I. 2). He contends that Defendant Melissa S. Lofland, the public defender representing him, conspired with Defendants Detective Lindsay Coleman, Deputy Attorney General Mary E. Batten, and Superior Court Judge Robert H. Robinson, Jr. to deprive Plaintiff of due process and various other constitutional rights in various competency proceedings. (*Id.*) He further contends that individuals affiliated with Delaware Psychiatric Center, including Dr. Andrew Donahue, Dr. Dana Young, Supervisor Maura Hanlon, and Case Worker Marie McKee conspired with other Defendants to further these "fraudulent" competency proceedings. (*Id.*) The Complaint requests (among other things) Plaintiff's release from state detention and monetary relief. (*Id.*)

The Complaint fails to state a plausible claim upon which this Court may grant relief.

First, Judge Robinson has judicial immunity, *Capogrosso v.The Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2009); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006).

Second, Defendant Batten receives prosecutorial immunity "for actions performed in a judicial or 'quasi-judicial' capacity," *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), and while "functioning as the state's advocate when performing the action(s) in question," *id.*; *see also Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

Third, Defendant Lofland has no liability under § 1983. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in

criminal proceedings. *See Polk Cty. v. Dodson*, 454 U.S. 312 (1981). The claims against Lofland fail as a matter of law.

Finally, Plaintiff does not explain how the remaining Defendants conspired with each other, why the competency proceedings were fraudulent, nor any other facts that would suggest a plausible claim against them. For example, to state a conspiracy claim under § 1983, Plaintiff must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 93 (3d Cir. 2011 ). "[T]he linchpin for conspiracy is agreement." *Id.* (quoting *Bailey v. Board of Cty. Cmm'rs*, 956 F .2d 1112, 1122 (11th Cir. 1992)). There are no supporting facts to show that the remaining Defendants had an agreement, implicit or otherwise, to deprive Plaintiff of his federal rights.

Accordingly, the Court recommends that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III.    CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the Complaint (D.I. 2) be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Court FURTHER RECOMMENDS that Plaintiff be granted leave to file an amended complaint on or before June 10, 2026. IT IS FURTHER RECOMMENDED that the Clerk of Court is directed to CLOSE this case if Plaintiff does not both timely file an amended complaint and does not remit the initial partial filing fee of $4.34.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object

4

5

to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: May 13, 2026

_____
United States Magistrate Judge